UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-2070 |
| | § | |
| CITY OF JERSEY VILLAGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Doc. No. 5). After considering the foregoing Motion, the Court finds that the motion must be granted.

### I.  BACKGROUND

This is an employment discrimination case in which Plaintiff Tracy Martin, a Caucasian male, alleges that he was subjected to discrimination on account of his race and gender when he was terminated from the position of Communications Manager for the City of Jersey Village. The City terminated Plaintiff in June 2009 because Plaintiff allegedly had engaged in activities outside of his job description and in violation of official policies. (Pl. Orig. Pet. ¶ 9.) Plaintiff claims that he was never informed of the specific actions that violated official policies. (*Id.* ¶ 10.) Further, Plaintiff claims that other individuals, outside of Plaintiff's class, violated official policies and were not terminated. (*Id.* ¶ 12.) Plaintiff alleges that the reasons provided for his termination were mere pretext for intentional discrimination.

1

On May 17, 2010, Plaintiff filed suit against the City of Jersey Village in Harris County, Texas. His complaint stated the following causes of action: violation of Title VII of the Civil Rights Act of 1964, as amended; violation of the Texas Commission on Human Rights Act; and intentional infliction of emotional distress. On June 9, 2010, Defendant filed an original answer in state court. On June 11, 2010, Defendant removed the case to this Court on the basis of federal question jurisdiction (Doc. No. 1). On September 24, 2010, Defendant filed a Motion for Partial Judgment on the Pleadings (Doc. No. 5) in order to dismiss Plaintiff's claim for intentional infliction of emotional distress. Plaintiff has not filed a response to Defendant's motion for partial judgment on the pleadings. The motion is ripe for disposition.

## II.  LEGAL STANDARD

A court may hear a party's motion for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

Defendant argues that Plaintiff's claim of intentional infliction of emotional distress against the City of Jersey Village must be dismissed because of governmental immunity. Defendant argues that the limited waiver of governmental immunity contained in the Texas Tort Claims Act ("TTCA") does not include a waiver for intentional tort claims. Plaintiff has not submitted a response to Defendant's motion arguing otherwise.

Municipalities in Texas generally have immunity from suit when performing governmental functions such as hiring and firing of employees. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995). However, section 101.021 of the TTCA provides a limited waiver to absolute governmental immunity from tort claims in three areas: use of publicly-owned vehicles, premises defects, and injuries arising from conditions or use of property. *Brown v. Montgomery Cnty. Hosp. Dist.*, 905 S.W. 2d 481, 483 (Tex. App.—Beaumont 1995). Section 101.057 specifically excludes the possibility of a waiver of governmental immunity in suits brought for intention torts committed by government employees. Tex. Civ. Prac. & Rem. Code § 101.057(2); *Ganther v. Ingle*, 75 F.3d 207, 210 (5th Cir. 1996). Plaintiff has alleged that Defendant City of Jersey Village committed the intentional tort of intentional infliction of emotional distress. (Pl. Orig.

Pet. ¶¶ 16-17.) By the explicit language of the TTCA, governmental immunity is not waived for this type of intentional tort claim. Therefore, even when accepting the facts pleaded in Plaintiff's original petition as true, Plaintiff cannot state a claim against the City of Jersey Village due to the doctrine of governmental immunity and the lack of a waiver for Plaintiff's claim. Plaintiff's claim of intentional infliction of emotional distress must be dismissed.

## IV. CONCLUSION

Defendant's Motion for Partial Judgment on the Pleadings, (Doc. No. 5), is **GRANTED**. Plaintiff's claim against Defendant for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

SIGNED this 7th day of December, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE